UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| OFFIE LYDELL McGEE | CIVIL ACTION NO. 18-cv-0807 |
| VERSUS | JUDGE DOUGHTY |
| WILLIAM DWIGHT McGEE, ET AL | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

## Introduction

Offie Lydell McGee ("Plaintiff"), who is self-represented, filed this civil action against three individuals with whom he allegedly co-owns some tracts of property in Webster Parish, Louisiana. Plaintiff alleges that it is necessary that the property be partitioned by judicial sale, with the proceeds of the sale divided among the owners. The complaint does not assert a colorable federal claim, and the amount in controversy is not sufficient for diversity jurisdiction. For the reasons that follow, it is recommended that the complaint be dismissed for lack of subject-matter jurisdiction.

## Relevant Facts

Plaintiff, who lives in California, alleges that he is the brother of William, Donald, and James McGee. Plaintiff alleges that he and his brothers co-own, in indivision, some tracts of property in Webster Parish. The defendant brothers are citizens of either Texas or Louisiana. Plaintiff alleges that attempts to partition the property amicably have not been successful, so he desires a judicial partition that culminates with a sheriff's sale and a distribution of the net proceeds.

**Analysis**

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017). One basis for original jurisdiction is diversity jurisdiction under 28 USC § 1322.

One basis for jurisdiction often invoked in civil cases is federal question jurisdiction under 28 U.S.C. § 1331. The existence of jurisdiction under the statute is tested by the well-pleaded complaint rule. It provides that a federal court does not have federal question

[1] Even if a plaintiff is not proceeding IFP, a district court may dismiss an action on its own motion as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint. Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011).

Plaintiff completed a Civil Cover Sheet on which he checked a box to indicate federal question was the basis of jurisdiction. The form asked him to cite the statute under which he was proceeding. He cited the United States Constitution First Amendment (right to petition the government) and Fifth Amendment (due process). His complaint, near the page numbers on each page, also refers to the First and Fifth Amendments, as well as provisions of the Louisiana Constitution, but none of the allegations in his complaint attempt to state a claim based on those constitutional provisions. The court can discern no basis to assert a constitutional law claim against the private citizen defendants in this case. Plaintiff makes reference to federal laws in his filings, but he must allege a colorable federal claim to support jurisdiction. A claim that is made solely for obtaining jurisdiction, or that is wholly insubstantial and frivolous, is not adequate to support jurisdiction. In re KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1244 (2006). Plaintiff has not pleaded a colorable federal claim against his brothers. Accordingly, there is no basis for the exercise of federal question jurisdiction.

Another basis for original jurisdiction is diversity jurisdiction under 28 U.S.C. § 1322. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship. There is complete diversity of citizenship between Plaintiff (California) and his brothers (Texas and Louisiana), but the record does not reflect an adequate amount in controversy.

The allegations in the body of the complaint does not set forth any information about the value of the land or other information relevant to the amount in controversy. Plaintiff wrote on his Civil Cover Sheet that there was "over $75,000 in controversy," but the exhibits to his complaint do not support that conclusory statement. And those exhibits are a part of the complaint for all purposes. Fed. R. Civ. Pro. 10(c); United States ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 375 (5th Cir. 2004).

The exhibits are printouts from the Webster Parish Tax Assessor with information for each of parcels at issue. The exhibits show that the market value for each of the four tracts is $4,000, $23,000, $500, and $3,000, for a total of $30,500. The market values listed on the Tax Assessor records may not be precise, and they are often lower than the actual value, but there is a tremendous difference between $30,500 and $75,000. Plaintiff, as the party invoking jurisdiction, has the burden of setting forth facts that establish grounds for jurisdiction. His complaint does not meet that burden with respect to the amount in controversy.

**Conclusion**

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claim. The proper remedy is dismissal without prejudice, which will allow Plaintiff to litigate his partition claim in a state court that does have jurisdiction. Plaintiff may find that the state court in Webster Parish is better suited to address his partition request and conduct the sheriff's sale that he requests.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of June, 2018.



Mark L. Hornsby
U.S. Magistrate Judge